UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DA'SHAWN RUSSELL,

                       Plaintiff,           DECISION AND ORDER

-vs-

                                                  18-CV-6209 CJS

YOUNG, et al.,

                       Defendants.

**Siragusa, J.** Before the Court in this prisoner civil rights case is Da'Shawn Russell's ("Plaintiff") application for entry of a default judgment against all defendants. Motion for Default Judgment, Sept. 19, 2018, ECF No. 13. Defendants have not responded to the motion.

Entry of a default judgment is pursuant to Federal Rule of Civil Procedure 55, which requires that a plaintiff seek entry of a default from the Court. *City of New York v. Mickalis Pawn Shop,* LLC, 645 F.3d 114, 128 (2d Cir. 2011). Because Plaintiff is proceeding pro se, the Court will interpret his application as both one for entry of a default, and entry of a default judgment.

To qualify for entry of default, the moving party must show that the defendant "has failed to plead or otherwise defend…." Fed. R. Civ. P. 55(a). In this case, Plaintiff filed his complaint on March 12, 2018, the Clerk issued summons to the U.S. Marshal for service on May 14, 2018. On August 22, 2018, all summonses returned unexecuted. ECF No. 11. No Defendant waived service as requested pursuant to Rule 4. However, on August 3, 2018, J. Richard Benitez, Assistant Attorney General for New York State, wrote informing the Court that "Defendants Young, Armstrong, Wurster, Dewald, Pundt, Greis, Thompson, and Annuci" (in other words, all the defendants) had requested his representation and he requested additional time to review their cases and decide whether he would represent them. The Court

granted his request for an extension to answer or otherwise move for dismissal to September 3, 2018. Letter Order, Aug. 13, 2018, ECF No. 9.

Plaintiff moved for default judgment on September 19, 2018, and Defendants filed an Answer on September 25, 2018. Rule 55 does not make proof of service a prerequisite to entry of a default. However, the Court must have jurisdiction over Defendants before it can exercise that jurisdiction. The Answer does not contest lack of service, or lack of personal jurisdiction over Defendants (it does contest subject matter jurisdiction). Thus, by their untimely answer, the Court finds Defendants forfeited the opportunity to challenge personal jurisdiction. *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999). Consequently, Defendants are in default for their failure to timely file an answer. Further, although 126 days have passed since Plaintiff filed his motion for default judgment, Defendants have neither answered that motion, nor have they moved for dismissal based on lack of jurisdiction. Accordingly, the Court grants Plaintiff's application for entry of a default against all Defendants.

Notwithstanding entry of a default, the Second Circuit has expressed "'"a strong preference for resolving disputes on the merits,"'" and has greatly circumscribed the Court's discretion in entering default judgment. *Mickalis Pawn Shop, LLC*, 645 F.3d at 128 (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001), quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 990, 95 (2d Cir. 1993)). Here, Defendants' answer, filed 21 days after it was due, does not necessarily show the default was willful. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (answer ten days late). Because of the strong preference for a trial on the merits, the Court hereby

ORDERS, that the Clerk enter a default against all Defendants; and

ORDERS, that Defendants file and serve by January 30, 2019, a motion to vacate the default; and

ORDERS, Plaintiff to respond and serve his response to any such motion to vacate the default by February 13, 2019; and

ORDERS, upon Defendants' failure to file and serve a motion to vacate the default by the date above, the Court will enter a default judgment against Defendants and set a date for a damages inquiry.

DATED: January 25, 2019
         Rochester, New York

                                       /s/ Charles J. Siragusa
                                       CHARLES J. SIRAGUSA
                                       United States District Judge